```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
JAMES ROBINSON,

                Petitioner,            MEMORANDUM AND ORDER
                                       ADOPTING REPORT AND
    -against-                          RECOMMENDATION

Superintendent, Green Haven            09-cv-1904(KAM)(LB)
Correctional Facility,

                Respondent.
-----------------------------------X
```

**MATSUMOTO, United States District Judge:**

On April 30, 2009, James Robinson ("petitioner") filed this *pro se* petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254, challenging his conviction for rape in the first degree, assault in the second degree, assault in the third degree, and bail jumping in the third degree following a jury trial in Supreme Court in Kings County, New York. (*See* Transcript of Trial at 445:7-446:3, *People v. Robinson*, No. 2502/02 (N.Y. Sup. Ct. July 9, 2004); ECF No. 1, Petition, filed 4/30/2009, at 1.[1])

On April 9, 2010, this court referred the Petition to Magistrate Judge Lois Bloom for a Report and Recommendation. (ECF No. 11, Order Referring Case, dated 4/9/2011.)  On January 4, 2011, Magistrate Judge Bloom issued a Report and Recommendation recommending that the Petition be denied in its

---

[1] References to page numbers in the Petition are to those page numbers automatically assigned by the court's electronic case filing system.

entirety. (*See* ECF No. 12, Report & Recommendation, dated 1/4/2011.) According to a notation entered on the docket sheet, a copy of the Report and Recommendation was mailed to petitioner on January 4, 2011. (*See* ECF No. 12, Docket Entry, dated 1/4/2011.) As explicitly noted at the end of the Report and Recommendation, any objections to the Report and Recommendation were to be filed within 14 days of receipt of the Report and Recommendation. (ECF No. 12, Report and Recommendation at 17.) By letter dated January 10, 2011, petitioner requested additional time to file his objections. (*See* ECF No. 13, Letter Motion for Extension of Time, filed 1/13/2011.) The court granted petitioner's application, and directed him to file any objections by February 21, 2011. (Order Granting Motion for Extension of Time to File, dated 1/19/2011.) On February 23, 2011, the court received a copy of petitioner's Response, dated February 19, 2011, to the Report and Recommendation. (*See* ECF No. 14, Response to Report & Recommendation, filed 2/23/2011 ("Pet'r Response").)[2]

---

[2] Petitioner is entitled to the benefit of the "prison mailbox rule," which deems the papers of a petitioner who is in custody to be filed as of the date he gave the papers to prison authorities for mailing. *See Noble* v. *Kelly*, 246 F.3d 93, 97 (2d Cir. 2001) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). For the purposes of the instant Order, the court will assume that petitioner gave prison authorities his submission on the date he wrote it, February 19, 2011.

**DISCUSSION**

I.   Legal Standard

To the extent that a party makes specific and timely written objections to a magistrate judge's findings and recommendations, the district court must review *de novo* "those portions of the report . . . to which objection is made."  28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "However, when a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (citation and internal quotation marks omitted); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (internal quotation marks omitted).

The objections of parties appearing *pro se* are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." *Milano v. Astrue*, No. 05-CV-6527, 2008 U.S. Dist. LEXIS 74488, at *3-4 (S.D.N.Y. Sept. 26, 2008) (citations and internal quotation marks

3

omitted); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 U.S. Dist. LEXIS 55034, at *2-3 (S.D.N.Y. July 21, 2008) (citation and internal quotations marks omitted). Upon review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In reviewing a petition for *habeas corpus* relief, a federal court may only consider whether a person is in custody pursuant to a state court judgment in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 requires federal courts to apply a deferential standard when conducting *habeas corpus* review of state court decisions. *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010). A petitioner is entitled to *habeas corpus* relief if he can show the state court decision "was contrary to, or involved unreasonable application of, clearly established Federal law, as

4

determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

## II. Application

The relevant factual and procedural background of this case is set forth in Magistrate Judge Bloom's thorough Report and Recommendation. (*See* ECF No. 12, Report and Recommendation at 1-4.) In his Response to the Report and Recommendation, petitioner argues that his constitutional rights were violated because:

(1) His counsel provided ineffective assistance by failing to object to the delay in petitioner's trial. (ECF No. 14, Pet'r Response at 7-8, 11-12.)

(2) His counsel provided ineffective assistance by failing to file a reply objecting to the prosecution's belated justification for the 14-day adjournment of trial. (*Id.*)

(3) His counsel provided ineffective assistance by failing to preserve petitioner's federal constitutional basis for objecting to the delay in his trial. (*Id.*)

(4) The trial court violated petitioner's right to a speedy trial by granting the 14-day adjournment that the prosecution requested without explanation. (*Id.* at 10-14.)

(5) The prosecutor's statements during summation severely prejudiced petitioner and deprived him of a fair trial because the prosecutor expressed personal opinions about petitioner's guilt and credibility, vouched for the prosecution witnesses' credibility, and warned the jury not to be tricked by defense counsel. (*Id.* at 15-18.)

5

A review of petitioner's purported objections shows that they consist almost entirely of restatements of petitioner's original allegations rather than specific objections to the Report and Recommendation. Indeed, other than the title of his submission, petitioner does not even refer to Magistrate Judge Bloom's Report and Recommendation, let alone any portion of it. (*See generally id.*) Specifically, petitioner's arguments (1), (2), (4), and (5) merely reiterate petitioner's arguments in his original Petition. (*See* ECF No. 1, Petition at 6 (alleging ineffective assistance of counsel for failing to object to the delay in petitioner's trial and for failing to file reply papers objecting to the prosecution's belated justification for the delay); *id.* at 5, 18 (alleging that the trial court deprived petitioner of his right to a speedy trial by failing to charge the prosecution the 14-day adjournment that was requested without explanation); *id.* at 18 (alleging that the prosecutor deprived petitioner of his right to a fair trial by making improper statements during summation).) Having reviewed those portions of Magistrate Judge Bloom's thorough and well-reasoned Report and Recommendation, the court finds no clear error.

Further, to the extent that petitioner's third argument objects to the Report and Recommendation on the ground that his counsel's ineffective assistance establishes cause for

6

the procedural default of his constitutional speedy trial claim, (*see* ECF No. 1, Petition at 7-8), this argument fails upon *de novo* review.

As Magistrate Judge Bloom properly found, petitioner's claim that he was denied his constitutional right to a speedy trial is procedurally barred from *habeas* review because he failed to raise this constitutional claim for state court review. (ECF No. 12, Report and Recommendation at 7-8 (citing *Reyes v. Keane*, 118 F.3d 136, 139 (2d Cir. 1997)).)  In his state court appellate brief, petitioner relied solely on state cases discussing the statutory speedy trial requirements under New York Criminal Procedural Law ("N.Y.C.P.L.") § 30.30 and only presented facts regarding chargeable time against the prosecution under state law.  (ECF No. 12, Report and Recommendation at 8; Respondent's Ex. B, Brief of Defendant-Appellant, dated 5/2/2007 ("Def. App. Brief"), at 18-22.) Petitioner did not cite any federal cases or state cases employing constitutional speedy trial analysis.  (*Id.*)  Thus, petitioner procedurally defaulted his constitutional speedy trial claim.

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent."

7

*Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations and internal quotation marks omitted). Actual innocence is not in issue here; therefore, petitioner must show that there was cause for failing to raise the constitutional speedy trial claim and prejudice resulting therefrom.

Petitioner appears to allege that his trial counsel's ineffective assistance caused the procedural default of his constitutional speedy trial claim. Specifically, he states that his "attorney was ineffective by virtue of his . . . failure to investigate or know the law and its standards when submitting motions on behalf of [the] defendant, and preserve legal issues to be raised as required." (ECF No. 14, Response to Report and Recommendation at 7.) Further, petitioner argues that his trial counsel should have "implemented the federal violation and not just state violations within the defendant[']s motions to dismiss . . . ." (*Id.* at 8.)

Although ineffective assistance of counsel in violation of the Sixth Amendment can establish cause for a procedural default, the ineffective assistance claim must first be exhausted in state court. *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986); *Washington v. LeFevre*, 637 F. Supp. 1175, 1177 n.4 (E.D.N.Y. 1986). Here, petitioner did not present to any state court the claim that his trial counsel was ineffective for

8

failing to frame his speedy trial claim as a constitutional issue.  (*See* Def. App. Brief at 18-24.)

Nevertheless, if a petitioner fails to exhaust a claim on direct appeal and "it is clear that the unexhausted claim is [now] procedurally barred by state law," then "the habeas court theoretically has the power to deem the claim exhausted." *Aparicio v. Artuz,* 269 F.3d 78, 90 (2d Cir. 2001) (citing *Reyes*, 118 F.3d at 139).  Although New York provides a mechanism for collaterally attacking a judgment that is in violation of a constitutional right, *see* N.Y.C.P.L. § 440.10(1)(h), any attempt by petitioner to bring such a motion would be futile.  N.Y.C.P.L. § 440.10(2)(c) requires a state court to deny a 440.10 motion "where the defendant unjustifiably failed to argue [the] constitutional violation on direct appeal despite a sufficient record."  *Reyes*, 118 F.3d at 139; *see People v. Santillana*, 547 N.Y.S.2d 981, 982 (Sup. Ct. 1989) (barring claims pursuant to N.Y.C.P.L. § 440.10(2)(c) that were not raised on direct appeal despite sufficient facts in record to allow defendant to do so).  The purpose of this rule "is to prevent [Section] 440.10 from being employed as a substitute for direct appeal when [the] defendant was in a position to raise an issue on appeal . . . or could readily have raised it on appeal but failed to do so."  *People v. Cooks*, 67 N.Y.2d 100, 103 (1986).

In cases where the trial record provides a sufficient basis for an ineffective assistance of counsel claim, the Second Circuit has found that N.Y.C.P.L. § 440.10(2)(c) would bar a collateral attack when the defendant unjustifiably failed to raise the ineffective assistance claim on direct appeal. *See Sweet v. Bennett*, 353 F.3d 135, 140 (2d Cir. 2003) (finding that ineffective assistance of counsel claim was "procedurally defaulted for the purposes of federal habeas review"); *Reyes*, 118 F.3d at 139 (holding that petitioner "may not bring [the ineffective assistance of counsel] claim in federal court, even if it is brought to show cause for his default on his [constitutional] claims").

Here, the alleged error that is the basis for petitioner's ineffectiveness claim was well-established in the trial record. Petitioner has not offered any reason, and the court sees none, suggesting that his appellate counsel would have needed additional information to assert this ineffective assistance of counsel claim. Indeed, in petitioner's appellate brief challenging his conviction on state statutory speedy trial grounds, he relied on evidence already in the record. (*See* Def. App. Brief at 18-24.)[3] Moreover, petitioner's appellate counsel

---

[3] Further, petitioner's ineffective assistance claim appears to relate only to his trial counsel, who moved to dismiss the indictment on speedy trial grounds, and not to petitioner's appellate counsel. Because petitioner was represented by different counsel at trial and on appeal, (*see* ECF No. 1, Petition at 12 (stating that Lawrence Rothstein, Esq. was trial counsel and

10

made a different ineffective assistance of counsel claim on direct appeal – namely, that his trial counsel was ineffective for failing to file reply papers objecting to the prosecution's belated excuse for its delay. (*See id.* at 19.) Thus, because petitioner neglected to present to the state appellate court the claim that his trial counsel provided ineffective assistance by failing to raise a constitutional speedy trial argument, and because this ineffective assistance claim would now be barred on collateral review by section 440.10(2)(c), this claim, too, is deemed both exhausted and procedurally barred. *Reyes*, 118 F.3d at 139 ("For exhaustion purposes, a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred.") (citation and internal quotation marks omitted); *see also Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (holding that when a "petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,"

---

Joshua M. Levine, Esq. was appellate counsel)), his ineffective assistance claim does not adequately explain his failure to raise the constitutional speedy trial argument on appeal. Accordingly, petitioner has failed to make the required showing of cause to excuse his procedural fault. *See Bossett v. Walker*, 41 F.3d 825, 829 (2d Cir. 1994) (noting that where petitioner's claim of ineffective assistance was only against trial counsel, he failed to make required showing of cause to excuse procedural default).

federal *habeas* courts also must deem the claim procedurally defaulted).

Because "a petitioner may not bring an ineffective assistance claim as cause for a default when that ineffective assistance claim itself is procedurally barred," *Reyes*, 118 F.3d at 140, petitioner's ineffective assistance of counsel claim cannot constitute cause for his failure to raise the constitutional speedy trial claim in the state courts. Therefore, as petitioner has procedurally defaulted on his constitutional speedy trial claims and his argument of cause for that default is precluded, his objection is overruled. *See Holland v. Irvin*, 45 F. App'x 17, 21 (2d Cir. 2002) (holding that petitioner "cannot show cause for the procedural default" of the constitutional claim where he "did not fairly present his ineffective assistance of counsel claim to the state courts").

## CONCLUSION

For the reasons set forth above, petitioner's objections are overruled and Magistrate Judge Bloom's well-reasoned and thorough Report and Recommendation is adopted in its entirety as the opinion of the court. Accordingly, petitioner's petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254, is denied. Because petitioner has not made a substantial showing of the denial of any constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C.

§ 2253. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this ruling would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). Respondent shall serve a copy of this Order on petitioner and note such service on the docket by January 18, 2012.

**SO ORDERED.**

Dated:   January 17, 2012
         Brooklyn, New York

                                          _____/s/_____
                                          **Kiyo A. Matsumoto**
                                          United States District Judge
                                          Eastern District of New York